**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-30887
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANTOINE ILON THOMPSON

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CR-30-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Antoine Ilon Thompson appeals the 79-month sentence imposed by the district court following his guilty plea conviction for being a felon in possession of a firearm. He contends that the district court erred by increasing his offense level under U.S.S.G. § 2K2.1(b)(6) based on the factual finding that he attempted to shoot law enforcement officers with the firearm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court's application of the Sentencing Guidelines is reviewed de novo, and its factual findings are reviewed for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "In regard to guideline enhancements, the district court may adopt facts contained in the [presentence report (PSR)] without inquiry, so long as the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence." *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006). This court "will uphold a district court's factual finding on clear error review so long as the enhancement is plausible in light of the record as a whole." *Id.*

Thompson's unsworn and self-serving denial of the allegations contained in the PSR at the sentencing hearing is not competent rebuttal evidence. *See United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002). Because Thompson did not meet his burden of rebutting the information in the PSR, the district court properly considered it as evidence supporting the enhancement. *See United States v. Roush*, 466 F.3d 380, 388 (5th Cir. 2006). Moreover, Thompson has not shown that the district court's finding that the enhancement was appropriate is not "plausible in light of the record as a whole." *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).

Thompson also asserts that we should "go *en banc*" to reexamine our position that a district court may rely solely on the PSR to support sentencing enhancements. Although Thompson challenged the veracity of his PSR in the district court, he did not make the argument there that he now raises here -- that reliance on the PSR itself was error. Review is thus for plain error. *See United States v. Jimenez*, 256 F.3d 330, 340 (5th Cir. 2001). To show plain error, the appellant must identify an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If the appellant makes such a showing, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Contrary to Thompson's unsupported assertion, nothing in the language of FED. R. CRIM. P. 32(i)(3)(A) prohibits a sentencing court from relying on disputed portions of the PSR when the defendant fails to meet his burden of rebutting the contested information. Further, we have specifically rejected the suggestion that we follow the Eighth Circuit's determination that a district court may not rely solely on the PSR when the facts supporting an enhancement are disputed. *See United States v. Bates*, No. 95-50111, 1995 WL 581888 at *8 (5th Cir. Sept. 21, 1995)(unpublished); *see also* 5TH CIR. R. 47.5.3 (unpublished opinions issued prior to January 1, 1996, are precedential). Thompson has not shown clear or obvious error. *See Baker*, 538 F.3d at 332.

AFFIRMED.